IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, October 20, 2008

**JEREMY SHANE JOHNSON v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 265798     Hon. Don W. Poole, Judge**

**No. E2007-02531-COA-R3-CV  - FILED DECEMBER 8, 2008**

D. MICHAEL SWINEY, J., concurring.

I concur in our Opinion in this case.  I write separately to express my concern that apparently a juvenile in the situation such as Petitioner has no procedure available to him to petition for a post-adjudication review of a delinquency determination.  I agree that the Tennessee statutes on post-conviction procedure pertain only to claims based upon a criminal conviction.  I likewise agree that a juvenile adjudication is not a criminal conviction pursuant to Tennessee statutes.  I also agree that Tenn. Code Ann. § 37-1-301 *et seq.*, pertaining to juvenile post-commitment procedures, specifically Tenn. Code Ann. § 37-1-302, are applicable only if the juvenile is in the custody of the Department of Children's Services pursuant to a commitment by a juvenile court of this State at the time the post-commitment petition is filed.

Here, Petitioner was never in the custody of the Department of Children's Services pursuant to a commitment by a juvenile court of this State.  Under our holding, which I believe is mandated by the statutes and case law, a juvenile in a situation such as the Petitioner's has no avenue for post-adjudication review of a delinquency determination.  However, perhaps we have misread the statutes and case law and our Supreme Court will provide some additional guidance as to a different interpretation of these statutes.

_____
D. MICHAEL SWINEY, JUDGE